MICHAEL N. FEDER (Nevada Bar No. 7332)
MFeder@LRLaw.com
JOHN L. KRIEGER (Nevada Bar No. 6023)
JKrieger@LRLaw.com
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
(702) 949-8200
(702) 949-8365 (fax)

Attorneys for Zuffa, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ZUFFA, LLC, a Nevada Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>JOHNNY TIKE, an individual<br><br>Defendant. | CASE NO: 2:10-cv-01435-JCM-RJJ<br><br>**TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING ON PRELIMINARY INJUNCTION** |

UPON CONSIDERATION of the emergency motion filed by plaintiff for an *ex parte* temporary restraining order and injunction, the supporting memorandum of points and authorities, the supporting declaration and evidence, the record in this case, and for other good cause shown;

THE COURT HEREBY FINDS THAT:

1.  Plaintiff is likely to succeed on the merits of its claims for copyright infringement, contributory copyright infringement and vicarious copyright infringement given that plaintiff owns the copyrighted works defined in plaintiff's Complaint as plaintiff's "Copyrighted Broadcasts," and that defendant's website streams plaintiff's Copyrighted Broadcasts without license, consent or authority from Plaintiff;

2.  Plaintiff is likely to succeed on the merits of its claims for trademark infringement and unfair competition under the Lanham Act, as well as state law, given that plaintiff owns the

UFC® Marks (as defined in the Complaint), and that defendant's use of plaintiff's UFC® Marks on defendant's website is likely to confuse and/or deceive consumers into believing there is an association, sponsorship or approval by plaintiff of defendant's services when there is not;

3. Plaintiff is likely to succeed on the merits of its dilution claims, both federal and state, because the UFC® Marks are famous, defendant is using the UFC® Marks in a commercial manner, which began long after the UFC® Marks acquired fame, and defendant's use of the UFC® Marks is likely to cause dilution by tarnishment;

4. Plaintiff is also likely to succeed on the merits of its state law claims for deceptive trade practices and intentional interference with prospective economic advantage;

5. Plaintiff will suffer irreparable injury if the Court does not order defendant to cease any further infringing activity involving the Copyrighted Broadcasts, including UFC 118, and the UFC® Marks, which the Court may also presume exists given that plaintiff is likely to succeed on the merits of its copyright and trademark infringement claims; and

6. The balance of hardships tips in favor of plaintiff because issuance of the temporary restraining order would merely prohibit defendant from posting unauthorized content relating to plaintiff's Copyrighted Broadcasts at the website associated with the <hq-streams.com> domain name, whereas failure to issue the temporary restraining order would cause plaintiff to suffer irreparable injury to its goodwill and reputation.

THEREFORE, IT IS HEREBY ORDERED THAT, pending a full trial on the merits:

A. Defendant, defendant's agents, servants, employees and/or all persons acting in concert or participation with defendant are prohibited from copying, manipulating, adapting, reproducing, uploading, distributing, sharing, selling or displaying any of plaintiff's Copyrighted Broadcasts and are prohibited from copying, manipulating, adapting, reproducing, uploading, distributing, sharing, selling or displaying UFC 118 in any manner;

B. Defendant, defendant's respective officers, agents, servants, employees and/or all persons acting in concert or participation with defendant, are prohibited from using the UFC® Marks or confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases or designs, in commerce or in connection with any business or for

any purpose whatsoever (including, but not limited to, on websites, in domain names, in hidden text and metatags); and

C.  A nominal bond of $100 shall be required because the evidence indicates that Defendant will only suffer, if at all, minimal damage by the issuance of this temporary restraining order and injunction.

## ORDER SETTING HEARING FOR PRELIMINARY INJUNCTION

UPON CONSIDERATION of the motion filed by plaintiff for a preliminary injunction enjoining defendant, defendant's agents, servants, employees and/or all persons acting in concert or participation with defendant from copying, manipulating, reproducing, distributing, selling or displaying any of plaintiff's Copyrighted Broadcasts and its UFC® Marks for the pendency of the litigation, the supporting points and memorandum of authorities, the supporting declaration and evidence, the record in this case, and for good cause shown;

In addition, to ensure defendant receives timely notice of the hearing, given that defendant must maintain accurate contact information with the domain name registrar, plaintiff may, in addition to the requirements of service identified in Fed. R. Civ. P. 4 and 5, serve the motion, this order, and all other pleadings filed to date on defendant by e-mail transmission.

THE COURT HEREBY sets the hearing for plaintiff's motion for a preliminary injunction on **September 3, 2010 at 10:00 a.m.** to be held in Courtroom 6A at the Lloyd D. George Federal Courthouse, 333 South Las Vegas Boulevard, Las Vegas, Nevada.

Further, the Court sets forth the following briefing schedule relating to plaintiff's motion:

1. Defendant shall file and serve its opposition papers, if any, no later than August 30 2010; and

2. Plaintiff shall file and serve its reply brief no later than September 1, 2010.

ENTERED August 26, 2010 at 11:50 am.

_James C. Mahan_
UNITED STATES DISTRICT JUDGE